St. Paul Fire & Marine Ins. Co. v. Freeman-White Assoc., Inc.

ST. PAUL FIRE & MARINE INSURANCE COMPANY AND CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY, PLAINTIFFS v. FREEMAN-WHITE ASSOCIATES, INC. AND WILLIAM FUNDERBURK, DEFENDANTS, AND THIRD-PARTY PLAINTIFFS v. McCARTHY BROTHERS COMPANY, THIRD-PARTY DEFENDANT

No. 8626SC1240

(Filed 21 July 1987)

**Architects § 3— negligence claim paid by insurer—waiver by insurer of claim against architects to extent of insurance coverage—jury question**

The trial court erred in granting defendants' motion to dismiss plaintiff insurer's action against defendant architects where plaintiff alleged that collapse of part of a hospital during construction was proximately caused by the negligence of defendants and that, pursuant to a builders risk insurance policy between the hospital and plaintiff, plaintiff paid benefits to the hospital and was subrogated to the rights of the hospital against defendants, since the contract documents involved were ambiguous and unclear and would not support a finding by the trial court that, as a matter of law, plaintiff waived any claim it may have had against defendants for their negligence to the extent that the hospital had obtained hazard insurance coverage for damage to the property during construction.

Judge ARNOLD dissenting.

APPEAL by plaintiffs from *Saunders, Judge.* Order entered 20 May 1986 in MECKLENBURG County Superior Court. Heard in the Court of Appeals 6 May 1987.

On 26 April 1983, defendant Freeman-White Associates, Inc. entered into a contract with the Charlotte-Mecklenburg Hospital Authority (hereinafter Hospital) to render architectural services for the design and construction of a new hospital and medical center. The contract between Freeman-White and the Hospital was the 1980 Edition of the American Institute of Architects, AIA Document B141/CM, Standard Form Agreement Between Owner and Architect, Construction Management Edition, with some modifications. This contract incorporated by reference, in part, the 1980 Edition of the American Institute of Architects, AIA Document A201/CM, General Conditions of the Contract for Construction, Construction Management Edition.

Freeman-White subsequently entered into a contract with defendant William Funderburk to assist in designing the work. Pursuant to the contract between Freeman-White and the Hospital,

the Hospital purchased builders risk insurance from St. Paul Fire & Marine Insurance Company (hereinafter St. Paul). The Hospital selected McBro, a division of McCarthy Brothers, Inc. to serve as construction manager.

During the course of construction, the south wing of the project collapsed causing property damage in excess of $10,000.00. As a result, the Hospital collected benefits from the "all risk" insurance policy.

Plaintiffs instituted this action against defendants Freeman-White and Funderburk alleging that the collapse was proximately caused by the negligence of defendants, and that pursuant to the insurance policy between the Hospital and St. Paul, St. Paul paid benefits to the Hospital and is subrogated to the rights of the Hospital against defendants.

Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6) on the ground that plaintiffs' complaint failed to state a claim upon which relief can be granted. The trial court granted defendants' motion.

From the order of the trial court, plaintiffs appeal.

*Yates, Fleishman, McLamb & Weyher, by Barbara B. Weyher and Gary R. Poole, for plaintiff-appellants.*

*Griffin, Cochrane & Marshall, by John Dean Marshall, Jr., Luther P. Cochrane and Jeanette R. Hait; and Jones, Hewson & Woolard, by Robert G. Spratt, III, for defendant-appellees.*

WELLS, Judge.

It seems apparent from the briefs of the parties that there is little question that plaintiffs' complaint, on its face, sets forth a valid claim for relief against defendants for negligence in the performance of their professional duties owed to plaintiffs. The complications in the case arise out of the provisions of contract documents attached to and incorporated in the complaint. The order of the trial court allowing defendants' N.C. Gen. Stat. 1A-1, Rule 12(b)(6) motion to dismiss indicates that the trial court was convinced that in these contract documents, plaintiff waived any claim it may have had against defendants for their negligence to the extent plaintiffs had obtained hazard insurance coverage for

damage to the property during construction. This is the central point addressed by the parties in their briefs. Thus, our task is to examine the contract documents to determine whether these documents were so clear in their provisions as to allow the trial court to find such a waiver, as a matter of law.

The contract documents are lengthy and detailed, but a few provisions pertinent to the question before us convince us that the trial court erred in allowing defendants' motion to dismiss.

Paragraph 11.4 of the agreement between the owner (plaintiff) and the architect (defendants) (AIA Document B141/CM) provides:

> The Owner and the Architect waive all rights against each other and against the contractors, consultants, agents and employees of the other for damages covered by any property insurance during construction as set forth in the 1980 Edition of AIA Documents A201/CM, General Conditions of the Contract for Construction, Construction Management Edition. The Owner and the Architect shall each require similar waivers from their contractors, consultants and agents.

Paragraph 11.3.1 of the General Conditions of the Contract for Construction (AIA Document A201/CM) provides in pertinent part as follows:

> Unless otherwise provided, the Owner shall purchase and maintain property insurance upon the entire Work at the site to the full insurable value thereof. This insurance shall include the interests of the Owner, the Construction Manager, the Contractor, Subcontractors and Sub-subcontractors in the Work, and shall insure against the perils of fire and extended coverage and shall include "all risk" insurance for physical loss or damage including, without duplication of coverage, theft, vandalism and malicious mischief. . . .

By separate document, the parties added a paragraph numbered 11.5 to the agreement between the owner and the architect (AIA Document B141/CM). That paragraph provides:

> The Architect shall maintain in force an Architects and Engineers Professional Liability Insurance Policy providing coverage for errors and omissions of professional services in

architecture, building design, HVAC, electrical, mechanical, structural engineering, that might be made pursuant to this Agreement and protecting the Owner from the direct and consequential results of such errors and omissions. Such insurance shall provide coverage on an occurrence and aggregate basis in amounts not less than $1,000,000 respectively. This insurance shall be maintained in force during the life of the Project and for that period of time following the date of final completion during which an action for professional liability on the part of the Architect for this Project may be brought by the Owner under North Carolina Law. The Architect may provide such insurance protection to the Owner through commercial insurance or other financial mechanisms acceptable to the Owner, and the Owner's acceptance shall not be unreasonably withheld.

The contract thus contains provisions which appear to be inconsistent with each other, or are at least susceptible to more than one interpretation: (1) that the true intent of the parties was that the owner would waive all claims against the architect for damage against which the owner had insured itself; and (2) that the architect would provide its own insurance coverage for damages caused for its own errors and omissions, thereby negating waiver as to such losses. Under such circumstances, plaintiff would be allowed to introduce extrinsic evidence to show the true intent of the parties. *See Root v. Insurance Co.*, 272 N.C. 580, 158 S.E. 2d 829 (1968); *see also Silver v. Board of Transportation*, 47 N.C. App. 261, 267 S.E. 2d 49 (1980).

Under *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970), and its progeny, a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, pursuant to G.S. 1A-1, Rule 12(b)(6) of the Rules of Civil Procedure, should not be granted unless it appears to a certainty that plaintiff is not entitled to relief under any statement of facts which could be proved in support of the claim.

The contract between plaintiffs and defendants being ambiguous and unclear as to plaintiffs' intent to waive its negligence claim against defendants, the trial court erred in dismissing plaintiffs' action.

Reversed and remanded.

Judge ORR concurs.

Judge ARNOLD dissents.

Judge ARNOLD dissenting.

I dissent. While the majority correctly states that our task is to examine the contract documents and determine whether or not the provisions within are ambiguous, the majority fails to recognize one of the basic rules of contract interpretation. A contract must be construed as a whole, considering each clause and word with reference to all other provisions and *giving effect to each whenever possible. Marcoin, Inc. v. McDaniel,* 70 N.C. App. 498, 320 S.E. 2d 892 (1984). With this duty in mind, the provisions of the contract in the case *sub judice* are unambiguous and the waiver contained in 11.4 prevents plaintiffs from bringing this action.

The owner was required by the contract to purchase "all risk" and property insurance. Knowing this and realizing that the waiver in 11.4 applies only to damages to the work occurring during construction, section 11.5 requires defendants to purchase professional liability insurance covering the following: During construction, defendants were to insure against damages other than to the work itself resulting from defendants' negligence, including claims for bodily injury, damage to other property and claims made by third parties. After construction was completed, however, defendants were additionally required to obtain insurance covering damage to the work itself.

Reading each clause with reference to the other provisions and giving each effect, it is clear that the owner waived its rights to recover from other parties for damages covered by insurance. *See Trump-Equitable Fifth Ave. v. H.R.H. Construction Corp.,* 66 N.Y. 2d 779, 488 N.E. 2d 115, 497 N.Y.S. 2d 369 (1985); *South Tippecanoe School Bldg. Corp. v. Shambaugh & Son, Inc.,* 182 Ind. App. 350, 395 N.E. 2d 320 (1979); *Village of Rosemont v. Lentin Lumber Co.,* 144 Ill. App. 3d 651, 494 N.E. 2d 592 (1986). Thus, I find no error in the trial court's granting of defendants' motion to dismiss.